# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: G.M.**

**No. 14-1138** (Webster County 13-JA-69)

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.M., by counsel Christopher G. Moffatt, appeals the Circuit Court of Webster County's October 15, 2014, order terminating his custodial rights to G.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Christopher Dodrill, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in relying solely upon his incarceration in terminating his parental rights and in denying post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

During a visit to petitioner's home in September of 2013, law enforcement officers found petitioner under the influence of various controlled substances. Petitioner's son, G.M., who was then eleven years old, was present in a room with petitioner's naked girlfriend, who was also under the influence of controlled substances. The following month, the DHHR filed an abuse and neglect petition alleging that petitioner's addiction to controlled substances affected his ability to provide for the child's health, safety, and welfare, and also that he failed to provide the child with a fit home. According to the DHHR, petitioner was previously convicted of malicious assault and delivery of a controlled substance (morphine), and repeated parole violations that resulted in his incarceration.

In November of 2013, the circuit court adjudicated petitioner as an abusing parent, and found that his history of drug abuse affected his ability to provide for the child's health, safety, and welfare.[1] In January of 2014, the circuit court held a dispositional hearing, during which it

---

[1] The circuit court actually adjudicated petitioner as an abusing and neglectful parent. However, West Virginia Code § 49-1-3(2) defines an abusing parent as one "whose conduct, as alleged in the petition charging child abuse or neglect, has been adjudged by the court to constitute child abuse or neglect." As such, petitioner's acts of abuse and neglect classify him as an "abusing parent."

1

granted petitioner an improvement period that included the following terms, among others: (1) remain drug and alcohol free; (2) submit to weekly drug and alcohol testing; (3) enter and complete an inpatient substance abuse treatment program and participate in inpatient counseling until he enters such program; and (4) participate in outpatient counseling and all recommendations of the treatment program upon completion. In March of 2014, the DHHR filed a motion to terminate petitioner's parental rights because he had been charged with assault on a police officer and incarcerated on a parole violation. The circuit court denied the motion, however, because petitioner's improvement period did not require that he not violate the law. As such, the circuit court could not find that petitioner violated the terms and conditions of his improvement period.

In August of 2014, the DHHR filed a second motion to terminate petitioner's parental rights. The circuit court thereafter held a second dispositional hearing on September 9, 2014. The circuit court heard testimony from multiple individuals, including a psychologist who met with the child on several occasions regarding the abuse and neglect proceedings. Thereafter, the circuit court issued an order revoking petitioner's improvement period and terminating his custodial rights. However, the circuit court ordered that the child's mother allow petitioner to have telephone contact with the child. In December of 2014, the circuit court ultimately terminated petitioner's right to contact the child because of petitioner's continued "disregard [for] the laws of the State," as evidenced by his multiple parole violations, his pending parole revocation hearing, and his inability to contact the child. Petitioner appeals from the order terminating his custodial rights.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court terminating petitioner's custodial rights or denying post-termination visitation with the child. While petitioner argues that the circuit court relied solely upon his incarceration in making these rulings, the Court disagrees.

The record shows that the conditions of abuse and neglect in the home were based upon petitioner's substance abuse and subsequent inability to properly care for the child. And, while it

is true that the circuit court considered petitioner's incarceration as it related to his ability to participate in an improvement period to remedy these issues, the circuit court ultimately terminated petitioner's custodial rights due to his inability to correct the conditions of abuse and neglect that necessitated the petition's filing. Moreover, the circuit court specifically found that petitioner's inability to comply with the terms of his improvement period delayed permanency for the child, ultimately finding that termination of petitioner's custodial rights was in the child's best interests. And while the circuit court did consider the child's wishes that petitioner's rights remain intact, as well as the bond between petitioner and the child, it properly recognized that the child's wishes were not binding in reaching its decision.

As such, the Court finds that termination of petitioner's custodial rights was appropriate, as petitioner was unable to comply with services designed to correct the underlying conditions of abuse and neglect. As noted above, the circuit court specifically found there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect, and that termination of his custodial rights was in the child's best interests. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

As to the circuit court denying petitioner post-termination visitation, we similarly find no error. While the circuit court originally granted petitioner the right to contact the child via telephone, it later became apparent that continued contact was not in the child's best interests. The circuit court specifically found that petitioner's repeated parole violations, including his failure to reside at the proper address and his attempt to have another individual falsify a sample for alcohol detection, were contrary to the child's best interest. We have previously held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). While the circuit court considered the child's wishes and the emotional bond with petitioner, the totality of the circumstances warranted a cessation in visitation because it was detrimental to the child. For these reasons, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court and its October 15, 2014, order is hereby affirmed.

Affirmed.

3

**ISSUED**: May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II